UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

      Plaintiff,
vs.

HAVANA HARRY'S, INC.
and
RTA ASSOCIATES CORP.

      Defendants.
_____/

## COMPLAINT

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Havana Harry's, Inc. and Defendant RTA Associates Corp. for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189.  This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.    Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3.    Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

1

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation. Plaintiff utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant Havana Harry's, Inc. (also referenced as "Defendant Havana Harry's," "operator," lessee" or "co-Defendant") is a is a Florida corporation which owns and operates the Havana Harry's restaurant located at 4612 S Lejeune Road, Coral Gables, Florida 33146, which is the subject of this action.

6. Defendant RTA Associates Corp. (also referenced as "Defendant RTA Associates," lessor," "owner," or "co-Defendant") is the owner of Folio 03-4120-022-3190, which represents real property located at 4612 S Lejeune Road, Coral Gables, Florida 33146 (also known as 4610 Lejeune Road), and referenced throughout as "4612 S Lejeune Road"). Defendant RTA Associates' real property is commercial property built-out as a restaurant.

## FACTS

7. At all times material hereto, Defendant RTA Associates has leased its 4612 S Lejeune Road real property to co-Defendant Havana Harry's, who in turn has operated its Cuban cuisine restaurant within that leased space.

8. Defendant Havana Harry's restaurant serves food and drinks and is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." The

Havana Harry's restaurant which is the subject to this action is also referred to as "Havana Harry's (restaurant)," "restaurant," or "place of public accommodation."

9.  As the owner and operator of a restaurant open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates establishments serving food and drinks; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

10. As the owner of real estate which is built out as a restaurant open to the general public, Defendant RTA Associates is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

11. Due to the close proximity of the Havana Harry's restaurant to Plaintiff's home, on August 12, 2021 Plaintiff went to the restaurant with the intent of dining on Cuban cuisine.

12. While Plaintiff was at the Havana Harry's restaurant, he encountered many barriers to access and met multiple areas of inaccessibility due to the fact that he perambulates with the assistance of a wheelchair.

13. While Plaintiff had purchased a meal and dined at the Havana Harry's restaurant, he felt excluded, humiliated and dejected.

14. Plaintiff has been denied full and equal access by the owner/operator of the restaurant (Defendant Havana Harry's) and by the owner/lessor of the commercial property which houses the restaurant (Defendant RTA Associates).

15. On information and belief restaurant owner Defendant Havana Harry's is well aware of the need to provide equal access to individuals with disabilities, and its failure to reasonably accommodate individuals with disabilities at its restaurant is/was willful,

malicious, and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302(c).

16. On information and belief, as an investor in commercial property, Defendant RTA Associates is aware of the ADA and the need to provide for equal access within its 4612 S Lejeune Road commercial property. Therefore, Defendant RTA Associates' failure to reasonably accommodate individuals with disabilities is/was willful, malicious, and oppressive and in compete disregard for the civil rights of Plaintiff and in violation of 28 C.F.R. §36.302(c).

17. Based on the access impediments which Plaintiff has been subject to which are delineated within this action, Plaintiff has been denied full and equal access by the owner/operator of the restaurant (Defendant Havana Harry's) and by the owner/lessor of the commercial property which houses the restaurant (Defendant RTA Associates).

18. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

19. Plaintiff frequently dines outside of his home and continues to desire to return to the Havana Harry's restaurant located at 4612 S Lejeune Road to dine therein, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the architectural barriers which exist at the restaurant, all which are in violation of the ADA.

20. Any and all requisite notice has been provided.

21. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of

this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

22. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

23. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

24. Prior to the filing of this subject action, Plaintiff personally visited the Havana Harry's restaurant located at 4612 S Lejeune Road in order to purchase a meal; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, he met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

25. Defendant Havana Harry's (owner/operator of the restaurant) and Defendant RTA Associates (owner/lessor of the commercial property housing the Havana Harry's restaurant) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities,

privileges, advantages and/or accommodations at the restaurant, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

26.     Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Havana Harry's restaurant.

27.     Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

28.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

29.     The commercial space which is owned by Defendant RTA Associates houses the subject restaurant which is operated by Defendant Havana Harry's. This commercial space is in violation of 42 U.S.C. §12181 *et. seq.*, the ADA and 28 C.F.R. §36.302 *et. seq.*, and both the owner/lessor and the operator/lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i.  As to Defendant Havana Harry's (lessee/operator) and Defendant RTA Associates (owner/lessor of the property) (jointly and severally), contained within the inside eating area there is a bar with a seating counter, wherein the counter surface is over

34" above the finished floor to the top, thus is not accessible. The Plaintiff had difficulty using the bar counter due to the fact that it is mounted too high and there is no lower portion of the bar counter provided. This is a violation of Section 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards for Accessible Design and is in violation of 28 C.F.R. Part 36, Section 4.32.4.

ii. As to Defendant Havana Harry's (lessee/operator) and Defendant RTA Associates (owner/lessor of the property) (jointly and severally), there are permanently designated interior spaces without proper signage. Signage is mounted on the door leaf without braille or raised characters violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards for Accessible Design.

iii. As to Defendant Havana Harry's (lessee/operator) and Defendant RTA Associates (owner/lessor of the property) (jointly and severally), Plaintiff could not use the urinal without assistance, as the urinal is mounted above the required height to top of the rim. This is a violation of Section 4.18.2 of the ADAAG and Section 605.2 of the 2010 ADA Standards for Accessible Design. Section 4.18.2 states that urinals shall be stall-type or wall-hung with an elongated rim at a maximum of 17" (430 mm) above the floor. Likewise, Section 605.2 states that both the stall-type or the wall-hung type with the rim 17" maximum above the finish floor or ground.

iv. As to Defendant Havana Harry's (lessee/operator) and Defendant RTA Associates (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door as the toilet compartment (stall) door does not provide self-closing hinges. This is a violation of Section 604.8.1.2 of the 2010 ADA Standards for

    Accessible Design which states that toilet compartment doors shall be self-closing. This is also a violation of Sections 4.17.5 and 4.13.10 of the ADAAG. Section 4.17.5 states that toilet door hardware must comply with Section 4.13, and Section 4.13.10 states that door closers must take at least 3 seconds to move to a point of 3" from the latch.

v. As to Defendant Havana Harry's (lessee/operator) and Defendant RTA Associates (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to be hit by the restroom stall door used by another customer, as the door swings into the lavatory clear floor space violating Section 4.19.3 of the ADAAG and Section 606.2 of the 2010 ADA Standards for Accessible Design.

vi. As to Defendant Havana Harry's (lessee/operator) and Defendant RTA Associates (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due to an encroaching item (which was the trash/rubbish bin). The violation is that the trash/rubbish bin is encroaching over the accessible water closet clear floor space, in violation of Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards for Accessible Design.

vii. As to Defendant Havana Harry's (lessee/operator) and Defendant RTA Associates (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet without assistance, as the toilet is mounted at a non-compliant distance from the sidewall. This is a violation of Sections 4.16.2 of the ADAAG and Sections 604.2 of the 2010 ADA Standards for Accessible Design. According to Section 4.16.2 at Fig 28, the toilet should be mounted 18 min (455 mm) from the side wall

      (to the center line of toilet). The secondary side wall mount shall be either mounted 18 min (455 mm) from the side wall (to the center line of toilet) or min (1065 cm) from the secondary side wall (to the center of the toilet).

viii. As to Defendant Havana Harry's (lessee/operator) and Defendant RTA Associates (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is not in the required length. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5.2 of the 2010 ADA Standards for Accessible Design which states that the rear wall grab bar shall be 36 inches (915 mm) long minimum and extend from the centerline of the water closet 12 inches (305 mm) minimum on one side and 24 inches (610 mm) minimum on the other side.

ix. As to Defendant Havana Harry's (lessee/operator) and Defendant RTA Associates (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the stall partition which encroaches over the accessible water closet clear floor space. This is a violation of Sections 4.13.6 and 4.17.3 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design. Section 4.13.6 states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. Section 4.17.3 states that the arrangement of the stall must comply with specification supplied in Figures within this Section, which the instant toilet compartment does not comply. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case. This is

      also a violation of Section 604.8.1.1 which states that wheelchair accessible compartments must be 60" wide and 56" deep for wall hung water closets and 59" deep for floor mounted water closets.

  x.  As to Defendant Havana Harry's (lessee/operator) and Defendant RTA Associates (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet paper dispenser without assistance as it is not mounted in the proper position in front of the water closet or at the correct height above the finished floor, in violation of Section 4.16.6 Figure 29 of the ADAAG and Sections 604, 604.7, and 309.4 of the 2010 ADA Standards for Accessible Design.

  xi.  As to Defendant Havana Harry's (lessee/operator) and Defendant RTA Associates (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory sink without assistance, as the lavatory sink does not provide knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. The appropriate knee clearance must be at least 27 in (685 mm) high, 30 in (760 mm) wide, and 19 in (485 mm) deep underneath the sink. This failure is in violation of 28 C.F.R. Part 36, Sections 4.24.3, 4.19.2 and 4.2.4 of the ADAAG and Sections 606.2 and 305.3 of the 2010 ADA Standards for Accessible Design.

  xii.  As to Defendant Havana Harry's (lessee/operator) and Defendant RTA Associates (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory sink due to Defendant's failure to fully wrap and maintain the lavatory pipes and water supply lines of the lavatory such that Plaintiff was exposed to a cutting/burning hazard, which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards for Accessible Design.

xiii. As to Defendant Havana Harry's (lessee/operator) and Defendant RTA Associates (owner/lessor of the property) (jointly and severally), Plaintiff could not exit the restroom area without assistance, as the required maneuvering clearance on the pull side of the door is not provided. The fact that the door has a non-compliant maneuvering clearance on the pull side of the door is a violation of Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design.

30. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the Havana Harry's restaurant accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

31. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the Defendant RTA Associates Corp. (owner of the commercial property housing the restaurant) and Defendant Havana Harry's, Inc. (the lessee and operator of the Havana Harry's restaurant) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the Havana Harry's restaurant located therein such that all areas are

accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 30th day of August 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*